THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| OVERNIGHT CAPITAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VYVUE, LLC and BENNETT E. HORTMAN, II,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [6] MOTION FOR RELIEF FROM ORDER**<br><br>Case No. 2:23-cv-00357-DBB<br><br>District Judge David Barlow |

Before the court is Defendants Vyvue, LLC and Bennett E. Hortman, II's (collectively "Defendants") Motion for Relief from Order.[1] Defendants seek relief from the court's remand order pursuant to Rules 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. Having considered the briefing and relevant law, the court decides the matter without a hearing.[2] For the following reasons, the court denies the motion.

## BACKGROUND

Plaintiff Overnight Capital, LLC ("Overnight") is a New York corporation.[3] Defendants reside in Utah.[4] On April 13, 2023, Overnight filed its Complaint in the Supreme Court of New York in Ontario County, asserting state-law claims for breach of contract, account stated, and guaranty.[5] Defendants removed to the District of Utah on May 31, 2023.[6] The court found

---

[1] Mot. for Relief from Order ("Mot. for Relief"), ECF No. 6, filed June 20, 2023.
[2] *See* DUCivR 7-1(g).
[3] ECF No. 1, at 8, ¶ 2.
[4] *Id.* at 8, ¶ 3.
[5] *Id.* at 8–11.
[6] *Id.* at 1–2.

1

removal improper under 28 U.S.C. § 1441 because Defendants purported to remove a case filed in New York state court to Utah federal court.[7] The court remanded the action sua sponte.[8] On June 20, 2023, Defendants filed their Motion for Relief from Order.[9]

## STANDARD

Rule 59(e) allows a court to alter or amend its prior judgment.[10] "Such relief may be warranted because of 'an intervening change in the controlling law' or 'the need to correct clear error or prevent manifest injustice.'"[11] "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[12] The court's ruling will not be disturbed "unless it was arbitrary, capricious, whimsical, or manifestly unreasonable."[13] Under Rule 60(b), the court may relieve a party from an order for several reasons, including "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."[14] "Because [the Rule] is 'a grand reservoir of equitable power to do justice in a particular case,' a court may grant relief 'only in extraordinary circumstances and only when necessary to accomplish justice.'"[15] Simply rehashing previous arguments is not enough to merit such relief.[16]

## DISCUSSION

Before addressing Defendants' arguments under Rule 59(e) and Rule 60(b), the court must first determine if it has jurisdiction. Under 28 U.S.C. § 1447(d), "[a]n order remanding a

---

[7] ECF No. 4.
[8] ECF No. 5.
[9] *See* Mot. for Relief.
[10] Fed. R. Civ. P. 59(e).
[11] *Shields v. Pro. Bureau of Collections of Md., Inc.*, 55 F.4th 823, 830 (10th Cir. 2022) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).
[12] *Servants of Paraclete*, 204 F.3d at 1012.
[13] *Pueblo of Jemez v. United States*, 63 F.4th 881, 889 (10th Cir. 2023).
[14] Fed. R. Civ. P. 60(b).
[15] *Shields*, 55 F.4th at 830 (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996)).
[16] *See ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 760 (10th Cir. 2011).

case to the State court from which it was removed is not reviewable on appeal *or otherwise*."[17] The Supreme Court has interpreted this provision "to 'preclude review . . . of remands for lack of subject-matter jurisdiction and for defects in removal procedure.'"[18] "This language has been 'universally construed' by federal courts of appeal to bar district courts from revisiting their orders of remand."[19] While the Tenth Circuit has not spoken directly on this issue, at least three lower courts have found they cannot review their own remand orders.[20] As various courts have noted, "[t]he district court has one shot, right or wrong. . . . This is not only in the interest of judicial economy, but out of respect for the state court and in recognition of principles of comity."[21] As such, "[o]nce a district court certifies a remand order to [the] state court it is divested of jurisdiction and can take no further action on the case."[22] The weight of persuasive authority therefore suggests that this court may not have jurisdiction.

Even if the court did have jurisdiction to reconsider the remand order, Defendants fail to meet the necessary standards under Rule 59(e) or Rule 60(b). They offer no compelling or

---

[17] 28 U.S.C. § 1447(d) (emphasis added).
[18] *Harvey v. UTE Indian Tribe of the Uintah & Ouray Rsrv.*, 797 F.3d 800, 804 (10th Cir. 2015) (quoting *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007)); *see Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995) (holding that remand on the basis of untimely removal is not reviewable).
[19] *Cory v. Newfield Expl. Mid-Continent, Inc.*, No. CIV-19-221, 2020 WL 7269771, at *1 (W.D. Okla. Dec. 9, 2020); *see Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203 (11th Cir. 2011); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir. 1999); *Doe v. Am. Red Cross*, 14 F.3d 196, 199 (3d Cir. 1993); *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988); *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986); *Three J Farms, Inc. v. Alton Box Bd. Co.*, 609 F.2d 112, 115 (4th Cir. 1979); *In re La Providencia Dev. Corp.*, 406 F.2d 251, 253 (1st Cir. 1969); *see also Omi's Custard Co. v. Relish This, LLC*, No. 04 CV 861, 2006 WL 2460573, at *2–6 (S.D. Ill. Aug. 24, 2006) (surveying cases and finding that § 1447(d) barred a district court's reconsideration of a motion to remand).
[20] *See Fed. Nat'l Mortg. Ass'n v. Milasinovich*, 161 F. Supp. 3d 981, 1010 (D.N.M. 2016); *Maggio Enters., Inc. v. Hartford Cas. Ins.*, 132 F. Supp. 2d 930, 931 (D. Colo. 2001); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 67 F. Supp. 2d 1242, 1245 (D. Kan. 1999); *see also N.M. Ctr. on L. & Poverty v. Squier*, 131 F. Supp. 3d 1241, 1244–45 (D.N.M. 2014) (collecting cases).
[21] *Squier*, 131 F. Supp. 3d at 1244 (quoting *In re La Providencia*, 406 F.2d at 252–53); *see also Archuleta v. Taos Living Ctr.*, No. CIV 10-1150, 2011 WL 6013057, at *3 (D.N.M. Dec. 1, 2011); *Omi's Custard*, 2006 WL 2460573, at *2; *Aetna U.S. Healthcare*, 67 F. Supp. 2d at 1245.
[22] *Seedman*, 837 F.2d at 414.

extraordinary reasons for relief. Defendants simply want this court to accept jurisdiction despite clear statutory language to the contrary. Indeed, their motion for relief is devoid of any mention of 28 U.S.C. § 1441. This statute proclaims that "any civil action brought in a State court . . . , may be removed by the . . . defendants, *to the district court of the United States for the district and division embracing the place where such action is pending*."[23] Because Overnight filed in Ontario County, New York, removal was possible only to the Western District of New York. Defendants' arguments that jurisdiction and venue *could* be proper here are of no moment.[24]

If Defendants want the case litigated in Utah, they must follow the law. As one court recently explained, Defendants may seek to "remove the case to the appropriate United States District Court in New York and then file a motion to transfer venue in that district asking to transfer the case to this district."[25] But "Defendants cannot create their own shortcuts that are contrary to governing law."[26] For these reasons, the court cannot grant Defendants relief.

## ORDER

Accordingly, the court DENIES Defendants' Motion for Relief from Order.[27]

Signed July 7, 2023.

BY THE COURT

_____
David Barlow
United States District Judge

---

[23] 28 U.S.C. § 1441(a) (emphasis added).
[24] *See* Mot. for Relief 4–6.
[25] *Prosperum Cap. Partners LLC v. Vyvue, LLC*, No. 2:23-cv-00359, 2023 WL 4108355, at *2 (D. Utah June 21, 2023).
[26] *Id.*
[27] ECF No. 6.